IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK A. LEWIS, individually and on behalf )
of all other similarly situated, )
)
        Plaintiff, )
)
        v. )  Case No.: 13-cv-942-JPG-SCW
)
ADVANCE AMERICA, CASH ADVANCE )
CENTERS OF ILLINOIS, INC., )
)
        Defendant. )

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of defendant Advance America, Cash Advance Centers of Illinois, Inc. ("Advance America"), to stay this litigation and compel individual arbitration (Doc. 3). Plaintiff Mark A. Lewis has responded to the motion (Doc. 24), and Advance America has replied to that response (Doc. 25).

**I.    Background**

Lewis filed this putative class action complaining that Advance America violated the Illinois Wage Assignment Act, 740 ILCS 170/2, when it demanded Lewis's employer assign some of his wages pursuant to a Wage Assignment Agreement without first serving Lewis with notice that it was going to make the demand. Lewis and Advance American had entered into the Wage Assignment Agreement in conjunction with a consumer installment loan agreement ("Loan Agreement") to assist Advance America in recovering any unrepaid loan amounts. The Loan Agreement contained an arbitration clause. That clause states, in pertinent part:

> 1. For the purposes of this Waiver of Jury Trial and Arbitration Provision (hereinafter the "Arbitration Provision), the words "dispute" and "disputes" are given the broadest possible meaning and include, without limitation (a) all claims, disputes, or controversies arising from or relating directly or indirectly to the signing of this Arbitration Provision, the validity and scope of this Arbitration

>Provision and any claim or attempt to set aside this Arbitration provision; [and] (b) all federal or state law claims, disputes or controversies, arising from or relating directly or indirectly to this Loan Agreement (including the Arbitration Provision), the information you gave us before entering into this Loan Agreement, including the Applicant/Personal Information Form, and/or any past agreement or agreements between you and us . . . .
>
>2. You acknowledge and agree that by entering into this Arbitration Provision:
>(a)  YOU ARE WAIVING YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;
>(b)  YOU ARE WAIVING YOUR RIGHT TO HAVE A COURT, OTHER THAN A SMALL CLAIMS TRIBUNAL, RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES; and
>(c)  YOU ARE WAIVING YOUR RIGHT TO SERVE AS A REPRESENTATIVE, A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.
>
>3. Except as provided in Paragraph 6 below, all disputes including any Representative Claims against us and/or related third parties shall be resolved by binding arbitration only on an individual basis with you.  THEREFORE, THE ARBITRATOR SHALL NOT CONDUCT CLASS ARBITRATION; THAT IS, THE ARBITRATOR SHALL NOT ALLOW YOU TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION.
>
>4. Any party to a dispute, including related third parties, may send the other party written notice by certified mail return receipt requested of their intent to arbitrate which sets forth the subject matter of the dispute along with the relief requested, even if a lawsuit has been filed. . . .

Loan Agreement at 1-2 (Doc. 17).  The Loan Agreement further allowed Lewis to opt out of the arbitration provision by notifying Advance America in writing within thirty days.  Loan Agreement at 2 (Doc. 17).

In light of this arbitration clause and pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3 and 4, Advance America asks the Court to stay this case and compel Lewis to arbitrate the subject matter of this case on an individual basis.  Lewis argues that Advance

America has not performed all the conditions prerequisite to arbitration, that if it cannot proceed as a class action, this case is not barred by the arbitration clause because it may be brought in small claims court, that this dispute is not covered by the arbitration clause, and that the class action waiver in the arbitration clause is unconscionable.

**II.     Analysis**

The FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. The effect of the section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *accord Perry v. Thomas*, 482 U.S. 483, 488 (1987). The FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable. . . ." 9 U.S.C. § 2; *see Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443-44 (2006); *Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 53 (7th Cir. 1995).

An arbitration clause must be enforced "unless the agreement to arbitrate is not part of a contract evidencing interstate commerce or is revocable 'upon such grounds as exist at law or in equity for the revocation of any contract.'" *Perry*, 482 U.S. at 489 (quoting 9 U.S.C. § 2). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone*, 460 U.S. at 24-25; *accord County of McHenry v. Insurance Co. of the W.*, 438 F.3d 813, 823 (7th Cir. 2006). The Court must honor a party's request to arbitrate unless "it may be said with positive assurance that

3

the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012) (internal quotations omitted).

The FAA commands a federal court, on the request of one of the parties, to stay proceedings where (1) the issue is referable to arbitration under an agreement in writing for such arbitration, and (2) the party applying for the stay is not in default in proceeding with such arbitration. 9 U.S.C. § 3; *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991). The stay shall last "until such arbitration has been had in accordance with the terms of the agreement. . . ." 9 U.S.C. § 3. The FAA further requires the Court to compel arbitration upon motion of either party, 9 U.S.C. § 4.

With this background, the Court addresses each of Lewis's arguments in turn.

A.  Coverage of Arbitration Clause

The arbitration clause specifies that the scope of what constitutes an arbitrable dispute must be given the "broadest possible meaning," and includes all state law claims relating even indirectly to the Loan Agreement. Loan Agreement at 1 (Doc. 17). It is clear that the Wage Assignment Agreement is related to the Loan Agreement in that it was executed to assist Advance America in recovering breaches of the Loan Agreement. Thus, any dispute about action taken to enforce the Wage Assignment Agreement is, at a minimum, indirectly related to the Loan Agreement, and falls within the reach of the arbitration clause.

B.  Satisfaction of Conditions Precedent to Arbitration

Lewis claims Advance America has not given proper notice of its intent to arbitrate, has not offered to advance the costs of arbitration to Lewis, and has not complied with other unnamed prerequisites to arbitration. However, issues like compliance with procedural

4

arbitration prerequisites or other defenses to arbitrability are precisely the kinds of issues that, under a broad arbitration clause, are reserved for the arbitrator to decide.  *See Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 84 (2002); *Moses H. Cone*, 460 U.S. at 24-25; *Lumbermens Mut. Cas. Co. v. Broadspire Mgmt. Servs., Inc.*, 623 F.3d 476, 480 (7th Cir. 2010).  Lewis may present these arguments to the arbitrator.

      C.     <u>Conscionability of Class Action Waiver</u>

The FAA allows a Court to declare an arbitration agreement unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2, including unconscionability, as long as the defense does not "apply only to arbitration or . . . derive [its] meaning from the fact that an agreement to arbitrate is at issue."  *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011).  Thus, state law contract defenses to enforcement will apply unless they "stand as an obstacle to the accomplishment of the FAA's objectives," that is, enforcing private contracts according to their terms to streamline dispute resolution proceedings.  *Id.* at 1748.

Lewis argues that it is unconscionable to waive the ability to bring a class action where damages are small in comparison to the costs of litigation, as they are here.  While the Illinois Supreme Court may have found such waivers unconscionable and unenforceable in some situations, *see Kinkel v. Cingular Wireless, LLC*, 857 N.E.2d 250, 275-76 (Ill. 2006),[1] the United States Supreme Court disagrees, *American Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304 (2013); *AT&T Mobility*, 131 S. Ct. at 1753.  Specifically, *AT&T Mobility* held that the rule

---

[1] Importantly, *Kinkel* also noted that a class action waiver was not unconscionable if "the plaintiff had a meaningful opportunity to reject the contract term."  *Kinkel*, 857 N.E.2d at 274. Lewis has not argued that his opportunity to opt out of the arbitration clause, which included the class action waiver, was not meaningful.

5

of *Discover Bank v. Superior Court*, 113 P. 3d 1100 (Cal. 2005) – that waivers of the right to classwide arbitration proceedings were unconscionable in contracts of adhesion where each individual has a small amount of damages and inferior bargaining power – is inconsistent with the FAA's purpose of promoting arbitration and is therefore preempted by the FAA. *Id.* at 1750-53. More recently, *American Express* held that there is no exception to the FAA's enforcement of agreements to arbitrate where the cost of individual dispute resolution would greatly exceed the award available to any individual. *American Express*, 133 S. Ct. at 2311-12. *AT&T Mobility* means that the Illinois' *Kinkel* rule is preempted by the FAA in favor of enforcing the parties' agreement to arbitrate on an individual basis only, and *American Express* means that this holds true regardless of the fact that the amount of damages Lewis can recover pales in comparison to the cost of individual dispute resolution. Thus, the arbitration provision in the Loan Agreement is not unconscionable.

      D.    <u>Small Claims Court Forum</u>

Finally, Lewis argues that if it cannot proceed as a class action, this dispute is not barred by the arbitration clause because it may be brought in a small claims court. He further argues the Court lacks subject matter jurisdiction over this case if it cannot proceed as a class action.

As a preliminary matter, the Court has subject matter jurisdiction because Lewis invoked the Court's subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), when he filed this lawsuit. Even if the Court ultimately determines class certification is in appropriate, it retains subject matter jurisdiction over this suit because that jurisdiction existed at the time it was filed. *See Cunningham Charter Corp. v. Learjet, Inc.,* 592 F.3d 805, 806-07 (7th Cir. 2010).

As for Lewis's assertion that the Court should decline to compel arbitration because his claim could have been brought in a small claims court, the fact remains that he *did not* bring this case in a small claims court. He brought his case in a federal district court, a right he has waived. Accordingly, this Court is bound by the FAA to stay this case and compel arbitration pursuant to the parties' arbitration agreement. Should Lewis choose to file a case in a small claims court, he may bring that case to the attention of the arbitrator, who can then decide how to proceed under the terms of the arbitration agreement. In any case, the fact that Lewis *could have* chosen another forum for this lawsuit is of no importance to this Court.

### III. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** Advance America's motion to stay and compel individual arbitration (Doc. 3);

- **STAYS** this case pursuant to 9 U.S.C. § 3 until arbitration has been had in accordance with the terms of the Loan Agreement;

- **ORDERS** the parties to proceed to arbitration in accordance with the terms of the Loan Agreement pursuant to 9 U.S.C. § 4; and

- **ORDERS** Lewis to file a status report with this Court in March 2014, and every September and March thereafter, advising the Court of the status of the arbitration proceedings and to file a final report within 30 days of the conclusion of those proceedings.

**IT IS SO ORDERED.**
**DATED: January 6, 2014**

                                                s/J. Phil Gilbert
                                                **J. Phil Gilbert**
                                                **United States District Judge**